IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAZID JACKSON, | : | |
| a.k.a., YAZID JACKSON, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO: 5:14-CV-0037-MTT-MSH |
| | : | |
| GEORGIA DEPARTMENT OF | : | |
| CORRECTIONS, et. al. | : | |
| | : | |
| Defendants. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |

## ORDER AND RECOMMENDATION

Plaintiff Jazid Jackson,[1] a state prisoner currently confined at Macon State Prison in Oglethorpe, Georgia, has initiated a *pro se* civil rights action in this Court seeking relief under 42 U.S.C. § 1983; his pleading also includes a motion for "T.R.O/Temporary Restraining Order/Preliminary Injunction." Plaintiff did not prepay the Court's filing fee or present his claims on the standard 42 U.S.C. § 1983 complaint form.

**I.    Filing Fee & Complaint**

Because Plaintiff did not prepay the required fee at the time of filing, he is hereby **ORDERED** to either pre-pay this Court's $400.00 filing fee or move for leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Any motion to proceed without pre-payment of the filing fee must be accompany by an affidavit in support of Plaintiff's claim of indigency and "a certified copy of [his] trust fund account statement (or

---

[1] An offender query on the Georgia Department of Corrections website revealed that Mr. Jackson's first name is Yazid, not Jazid. The undersigned has thus amended the caption of this case to also show the alias "**Yazid Jackson**." The Clerk is **DIRECTED** to amend the Docket accordingly.

institutional equivalent) . . . for the 6-month period immediately preceding the filing of [his] complaint . . . ." 28 U.S.C. § 1915(a).

Plaintiff is also **ORDERED** to **RECAST** his complaint on a standard § 1983 complaint form. Once filed, Plaintiff's recast complaint **shall take the place of and supersede his original pleading and all of the other documents filed to date**.

It is further **ORDERED** that, in his recast complaint, Plaintiff clearly identify, by name if possible, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff's current pleading attempts to name potentially hundreds of unidentified prison officials and employees as defendants. *See e.g.*, Compl. at 1. This type of fictitious party pleading is not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). A claim against an unnamed defendant may only proceed when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id; Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992). Therefore, if Plaintiff wishes to proceed against a defendant that he cannot identify by name, he must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216. Any parties not sufficiently identified will be dismissed from this action.

Once the parties are identified, the recast complaint must then explain exactly how each individual defendant violated Plaintiff's constitutional rights <u>and</u> describe any injury he has suffered as result of their actions. If Plaintiff fails to link a named defendant to a claim, the claim will be dismissed; likewise, if the recast complaint fails to make

allegations against a named defendant, that defendant will be dismissed.

It is also **ORDERED** that Plaintiff amend his current factual allegations so as to include "enough factual matter" to give the defendants "fair notice" of what his claims are and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also*, Fed. R. Civ. P. 8.  Plaintiff's present complaint appears to complain of an inadequate provision of medical care, retaliation by prison officials for his engaging in protected speech, and some sort of due process violation.  However, Plaintiff fails to identify his medical condition, state exactly what his "urgent medical needs" are, or explain how he was denied care.  Plaintiff's complaint likewise fails to explain how any named defendant retaliated against him or allege facts suggesting a causual connection between an adverse action suffered and his exercise of protected speech.  And, to the extent he alleges to have been denied due process of law, Plaintiff has not alleged facts showing either that he was deprived of a protected interest or that any defendant was responsible for this alleged deprivation.

The Clerk of Court is hereby **DIRECTED** to forward a standard 42 U.S.C. § 1983 complaint form, a pauper's affidavit, and an account certification form to Plaintiff together with a copy of this Order.  Plaintiff must complete and file the requested documents with the Court within **TWENTY-ONE (21)** days of the date of this Order.  The returned forms must show this case number: **5:14-CV-037-MTT-MSH**.  Failure to comply with this Order will result in the dismissal of Plaintiff's Complaint.

### II.     Motion for Injunctive Relief

At this time, it is additionally **RECOMMENDED** that Plaintiff's motion for

"T.R.O/Temporary Restraining Order/Preliminary Injunction," *see* Compl. at 7, be **DENIED**. Before an injunction may issue, Plaintiff must show that there is a substantial likelihood of success on the merits of his claim and that an irreparable injury will be suffered unless the injunction issues. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). Plaintiff's motion falls well short of meeting these prerequisites. The motion is supported by nothing more than Plaintiff's own self-serving, conclusory allegations. Again, Plaintiff does not identify his medical condition or state what treatment he requires; nor does he describe how he would suffer injury if an injunction does not issue. The undersigned thus finds that there is nothing in Plaintiff's submissions which suggest that the extraordinary and drastic remedy of injunctive relief is now warranted. *See Coleman v. Allen*, No. 2:09–cv–311–TMH, 2009 WL 3010743 at *2, (M.D. Ala. Sept. 18, 2009) (finding that "self-serving, conclusory allegations" failed to establish a substantial likelihood of success on the merits).

Plaintiff may file written objections to the undersigned's recommendation with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

There shall be no service of process in this case until further order. Once Plaintiff has satisfied the Court's filing fee requirement and recast his complaint, the undersigned will conclude the preliminary review required by 28 U.S.C. § 1915A. While this action is pending, Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address. Failure to keep the Court advised of his current mailing address will result in the dismissal of Plaintiff's complaint.

## CONCLUSION

WHEREFORE, for the reasons explained above, it is ORDERED that Plaintiff either pre-pay the Court's filing fee or move for leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915, it is further ORDERED that Plaintiff recast his Complaint on the proper § 1983 form within twenty-one (21) days of the date of this Order, and it is RECOMMENDED that Plaintiff's motion for TRO be denied.   Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 4th day of February, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE