**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JAZID JACKSON**, | : | |
| **a.k.a., YAZID JACKSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CASE NO: 5:14-CV-0037-MTT-MSH** |
| | : | |
| **GEORGIA DEPARTMENT OF** | : | |
| **CORRECTIONS, et. al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

_____

## ORDER

Plaintiff Jazid Jackson, a prisoner confined at Macon State Prison in Oglethorpe, Georgia, filed this *pro se* civil rights action seeking relief under 42 U.S.C. § 1983.   In an order dated February 4, 2014, the United States Magistrate Judge directed Plaintiff to (1) recast his complaint using the court's standard form and (2) file a motion for leave to proceed *in forma pauperis*.   Plaintiff was further instructed that any motion to proceed *in forma pauperis* must be accompanied by an affidavit in support of Plaintiff's claim of indigency and "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of [his] complaint . . . ." 28 U.S.C. § 1915(a).   Plaintiff was given twenty-one days to comply with the Order and advised that a failure to comply would result in the dismissal of his complaint.

Plaintiff later filed a "Motion asking the Court to deny Defendants any Extensions of Time" (Doc. 5); a "Motion for Appointment Counsel" (Doc. 6); a "Demand for Immediate Injunctive Relief/TRO" (Doc. 7); and a "Motion to proceed *in forma pauperis*" (Doc. 8). Plaintiff, however, did not file his recast complaint or certified trust account statement as he was ordered to do.   The Magistrate Judge thus ordered Plaintiff, on April 1, 2014, to

respond to the Court and show cause why his complaint should not be dismissed for failure to comply with the February 4, 2014, Order. Plaintiff was again given twenty-one days to respond and warned that a failure to respond would result in the dismissal of his complaint.   The time for filing a response to the Court's April 1, 2014, Order has now passed, and Plaintiff has again failed to comply with an order of the Court.

When considered alone, Plaintiff's current pleading (Doc 1) fails to state a claim upon which relief may be granted.   The Complaint, liberally construed, appears to complain of an inadequate provision of medical care, retaliation by prison officials for his engaging in protected speech, and violations of due process.   The Complaint, however, fails to identify Plaintiff's medical condition, state exactly what his "urgent medical needs" are, or explain how he was denied care.   Plaintiff's Complaint likewise fails to explain how any named defendant was involved in the retaliation or allege facts suggesting a causal connection between an adverse action suffered and his exercise of protected speech. And, to the extent he alleges to have been denied due process of law, Plaintiff has not alleged sufficient facts to show either that he was deprived of a protected interest or that any named defendant was personally responsible for this alleged deprivation.

For this reason and because of Plaintiff's repeated failure to comply with the Court's instructions, his Complaint shall be **DISMISSED**. 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 41(a).   This dismissal is without prejudice.   All pending motions are **DENIED**.[1]

**SO ORDERED**, this 30th day of April, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] In the event it should be considered prior to dismissal, the Court finds that Plaintiff's pending motion for emergency injunctive relief (Doc. 7) fails show that there is a substantial likelihood of success on the merits of his claim or that an irreparable injury will be suffered unless the injunction issues.   *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). The motion is supported by nothing more than Plaintiff's own self-serving, conclusory allegations.   Plaintiff does not identify his medical condition or state what treatment he requires; nor does he describe how he would suffer injury if an injunction does not issue. *C.f., Coleman v. Allen*, No. 2:09–cv–311–TMH, 2009 WL 3010743, at *2 (M.D. Ala. Sept. 18, 2009) ("self-serving, conclusory allegations" failed to establish a substantial likelihood of success on the merits).

jlr